UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| HAILEY GIST-HOLDEN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) NO. 2:21CV340-PPS/JEM |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

Acting without a lawyer, Hailey Gist-Holden has filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. §2241. [DE 1.] The petition (*see* ¶6) says it is challenging Gist-Holden's on-going prosecution in Case No. 2:21CR71, specifically the legality of his detention and the evidence obtained against him. In the criminal case, Gist-Holden is charged with bank robbery and with using a firearm during the bank robbery, causing the death of Richard Castellana. In the §2241 petition, Gist-Holden enumerates four grounds for relief: violation of his right to counsel when he was questioned at two county jails and by the FBI, an involuntary waiver of *Miranda* rights, and two Fourth Amendment issues about the seizure of evidence. [DE 1 at ¶13.] The relief Gist-Holden seeks is "immediate release and dismissal of any indictments and remaining criminal complaints." [*Id*. at ¶15.]

A habeas petition under §2241, which opens a separate civil case , is not a proper vehicle for making the arguments Gist-Holden asserts in this proceeding parallel to his pending prosecution. Instead, "[t]o be eligible for habeas corpus relief under §2241, a

federal pretrial detainee must first exhaust other available remedies," meaning he must make his arguments within the criminal case.  *Alden v. Kellerman*, 224 Fed.Appx. 545, 547 (7th Cir. 2007).  In support of this long-established principle, *Alden* cites Supreme Court cases from 1918 and 1905 -– *Jones v. Perkins*, 245 U.S. 390, 391-92 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial"), and *Riggins v. United States*, 199 U.S. 547, 550-51 (1905) (vacating order granting habeas relief when pretrial detainees filed habeas petitions before "invok[ing] the action of the Circuit Court upon the sufficiency of the indictment by a motion to quash or otherwise").  The Seventh Circuit has also held that "[a] federal detainee's request for release pending trial can be considered under only the Bail Reform Act, and not a §2241 petition."  *Frederickson v. Terrill*, 957 F.3d 1379, 1380 (7th Cir. 2020).

      Applying these long-established principles, I conclude that Gist-Holden cannot demonstrate any right to relief based on his pro se petition for a writ of habeas corpus filed pursuant to §2241, which will be denied.  Challenges to the criminal charges in Case No. 2:21CR71 should be made there, and I note that Gist-Holden there represents himself *pro se* and can freely address his arguments to the court in the proper context.

ACCORDINGLY:

Hailey Gist-Holden's Petition for Writ of Habeas Corpus under 28 U.S.C. §2241 [DE 1] is DENIED.

SO ORDERED.

ENTERED: November 3, 2021.

    /s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT